IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| DAWN HERNANDEZ § | |
| § | |
| § | CIVIL ACTION 6:17-CV-00067 |
| § | |
| VS. § | |
| § | |
| § | |
| KIRKLAND'S, INC, § | |
| KIRKLAND'S STORES, INC., AND § | |
| KIRKLAND'S TEXAS, LLC § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DAWN HERNANDEZ, "Plaintiff" in the above entitled and numbered cause, complaining of and against KIRKLAND'S INC, KIRKLAND'S STORES, INC., and KIRKLAND'S TEXAS, LLC, "Defendants" herein, and for cause of action would respectfully show unto the Court and Jury the following:

### A. PARTIES

1.      Plaintiff, DAWN HERNANDEZ, is an individual who resides in Victoria, Texas.

2.      Defendant KIRKLAND'S, INC. is an out-of-state corporation with its principal place of business located at 2501 McGavock Pike, Suite 1000 in Nashville, Tennessee 37214.  It is engaged in business in Texas but does not have a designated agent for service of process in Texas.  This suit arises from its business in Texas.  Therefore, the Texas Secretary of State at P.O. Box 12079 in Austin, Texas 78711 is the agent for service of process on Defendant KIRKLAND'S, INC.

3.      Defendant KIRKLAND'S STORES, INC is a foreign corporation that is incorporated in

Tennessee but conducts business in the State of Texas and may be served by and through its registered agent for service of process, National Registered Agents, Inc., at 1999 Bryan Street, Suite 900 in Dallas, Texas 75201-3136.

4. Defendant KIRKLAND'S TEXAS, LLC is a foreign corporation that is incorporated in Tennessee but does business in the State of Texas and may be served by and through its registered agent for service of process, CT Corporation System, at 1999 Bryan Street, Suite 900 in Dallas, Texas 75201-3136.

### B. JURISDICTION AND VENUE

5. Jurisdiction in this case is proper in this Court pursuant to 28 U.S.C. § 1332(a) as this case is between citizens of different states, and the amount in controversy exceeds $75,000.00.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) because the wrongful act(s) or omission(s) of Defendants occurred within this Judicial District.

### C. FACTUAL ALLEGATIONS

7. Plaintiff would show that this lawsuit has become necessary as a result of personal injuries, which she sustained on or about December 27, 2015.

8. On or about the date in question, Plaintiff was working in the monogram tower at Kirkland's store # 673 located at 7906 Ne Zac Lentz Parkway, Victoria, Texas 88904.

9. In carrying out her duties at the aforementioned Kirkland's store, she was required to lift heavy objects in order to retrieve them for customers. In the course and scope of her employment, she was required to lift objects that weighed up to 100 pounds or more. Defendants did not provide Plaintiff with a safety belt or any other safety equipment to assist her in safely moving these heavy objects.

10. At approximately 11:30AM CST on the aforementioned date, Plaintiff lifted a stack of

wooden decorative letters, which weighed approximately 45 pounds off a shelf. When she bent over to place them on the ground, she felt a sharp sudden pain in her lower back. The pain was so intense that Plaintiff was forced to stop working. She completed a Kirkland's incident report on the same day, detailing the injury that she sustained to her back as she was performing her duties for Defendants.

11. Plaintiff visited Dr. Michael Klein of the Texas Health Center on December 28, 2015 due to ongoing back pain, which had continued from the previous day's incident. Plaintiff was diagnosed with a neck and right shoulder strain and was prescribed anti-inflammatory medication.

12. Over the course of two months, Plaintiff's pain evolved to the point that she was unable to complete her usual day-to-day activities, including routine activities at her job and raising her family. The pain would radiate down through her back to both legs, and would be especially noticeable in her right leg.

13. Plaintiff received a MRI scan of the lumbar spine at Crossroads MRI on March 2, 2016. Dr. Christopher J. Chaput, a neurosurgeon who examined Plaintiff, diagnosed her with radiculomyelopathy.

14. On April 29, 2016, Plaintiff visited First Street Hospital where she underwent surgery on her back.

### D. PROCEDURAL BACKGROUND

15. On October 20, 2017, Plaintiff mailed her arbitration complaint and filing fee to Judicial Workplace Arbitrations, Inc. (JWA). On October 25, 2017, JWA acknowledged receipt of Plaintiff's complaint and filing fee.

16. On October 26, 2017, the case administrator for JWA set a 45-day deadline for

Kirkland's to submit its arbitration filing fee and retainer before the arbitration file closes.

17. Upon the information and belief of Plaintiff, Defendants have yet to respond to Plaintiff's arbitration complaint.

18. Plaintiff files her Complaint in this Court to preserve and pursue her causes of action stemming from her December 27, 2015 work place accident. *See Fonseca v. USG Insurance Services, Inc.* (5th Cir. 2012) (Holding: Arbitration demand does not toll the statute of limitations).

### E.  CLAIMS FOR RELIEF

### Non-Subscriber – Texas Labor Code

19. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 18.

20. At all material times hereto, Defendants were the non-subscriber employers of Plaintiff under the Texas Workers' Compensation Act and thus, pursuant to the Texas Labor Code § 406.033, Defendants have lost their common law defenses of:

    a. contributory negligence of Plaintiff,

    b. that the injury was caused by the negligence of a fellow employee, and/or

    c. that the employee has assumed the risk of the injury incident to her employment.

### Negligence

21. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 20.

22. Defendants are negligent for the following reasons:

    a. failure to properly train its employees on how safely to lift heavy objects;

    b. failure to provide adequate safety equipment for use in lifting heavy objects;

    c. knowingly disregarding the inherent dangers of lifting heavy objects;

    d. recklessly failing to ensure the use of safety equipment when lifting heavy objects;

    e.  failure to take adequate precautionary measures to ensure that its employees are safe when lifting heavy objects;

    f.  recklessly disregarding the safety of Plaintiff while she was lifting heavy objects;

    g.  failure to follow applicable government safety regulations; and

    h.  other acts deemed negligent.

23. As a result of said occurrence, Plaintiff suffered sharp pain in her neck, shoulder, back, and legs, which resulted in not only physical pain, but also mental anguish, and other medical problems. In all reasonable probability, Plaintiff's physical pain, physical impairment, and mental anguish will continue indefinitely. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with her injuries.

## F. DAMAGES

24. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 23.

25. As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages:

    a.  Plaintiff has been forced to incur reasonable and necessary medical expenses in the past, and in all reasonable medical probability, will continue to incur reasonable and necessary medical expenses in the future;

    b.  Plaintiff has endured physical pain and suffering in the past, and in all reasonable medical probability, will continue to endure physical pain and suffering in the future;

    c.  Plaintiff has suffered mental anguish in the past, and in all reasonable medical probability, will continue to suffer mental anguish into the future;

    d.  Plaintiff has suffered physical impairment in the past and, in all reasonable medical probability, will continue to suffer physical impairment into the future;

    e.  Plaintiff has suffered physical disfigurement in the past and, in all reasonable medical probability, will continue to suffer physical disfigurement into the future; and,

    f.  Plaintiff has suffered lost earnings in the past and, in all reasonable probability, will continue to suffer loss of earning capacity into the future.

    g.    Loss of personal property

26. To the extent that the Plaintiff suffered from any pre-existing conditions, Plaintiff would show that such conditions, if any, were asymptomatic and were aggravated as a result of the incident made the basis of this case.

## G. JURY DEMAND

27. Plaintiff demands a trial by jury.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, DAWN HERNANDEZ, prays that, after trial on the merits, she have judgment against Defendants KIRKLAND'S INC, KIRKLAND'S STORES, INC., and KIRKLAND'S TEXAS, LLC for the following:

    a.    Sum in excess of the minimum jurisdictional limits of this Honorable Court;
    b.    Actual damages;
    c.    Pre-judgment interest and post-judgment interest at the maximum legal rate;
    d.    Costs of court; and
    e.    Any and all further relief, be it general or special, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

KOLODNY LAW FIRM, PLLC

*[signature]*

Alan Kolodny
SBN: 24056882
S. D. of Texas: 1267978
1011 Augusta Dr., Suite 111
Houston, Texas 77057
Telephone: (713) 532-4474
Facsimile: (713) 785-0597
Email: akolodny@fko-law.com

**ATTORNEY "IN CHARGE" FOR PLAINTIFF**